# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

|  |  |
|---|---|
| Christopher Lencowski, | Case Type: Employment<br>Court File No.:_____ |
| Plaintiff, |  |
| v. | **SUMMONS** |
| Wal-Mart Associates, Inc., |  |
| Defendant. |  |

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.   **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.   **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.   **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not Answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A Default Judgment can then be

entered against you for the relief requested in the Complaint.

5.      **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: December 10, 2020                     AHLBERG LAW, PLLC


                                             /s/ Ryan H. Ahlberg
                                             Ryan H. Ahlberg, Esq. (#386520)
                                             Union Plaza Building, Suite 300
                                             333 Washington Avenue North
                                             Minneapolis, Minnesota  55401
                                             (612) 900-2269
                                             rahlberg@ahlberglaw.com
                                             Attorney for Plaintiff


## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: December 10, 2020                     /s/ Ryan H. Ahlberg
                                             Ryan H. Ahlberg, Esq. (#386520)

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Christopher Lencowski,

        Plaintiff,

v.

Wal-Mart Associates, Inc.,

        Defendant.

Case Type: Employment
Court File No.:_____

**COMPLAINT**

Plaintiff Christopher Lenkowski, as and for his Complaint against Defendant Wal-Mart Associates, Inc. states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Christopher Faulkner, Sr. (hereinafter "Faulkner") is an individual residing in Washington County, Minnesota.

2. Defendant Wal-Mart Associates, Inc. (hereinafter "Wal-Mart"), is a foreign corporation with significant business contacts in the State of Minnesota and maintains a registered office located at 1010 Dale St. N., Saint Paul, Minnesota 55117.

3. Jurisdiction in part is proper pursuant to 29 U.S.C. § 2617(a)(2).

4. Venue is proper pursuant to Minn. Stat. § 542.09.

## FACTUAL ALLEGATIONS

5. Lencowski began working for Wal-Mart in February, 2020.

6. Lencowski earned $15.00 per hour and was a cart pusher/front end associate. He worked 40 hours per week.

7. In October, 2020, Lenkowski needed to have surgery for a bone spur on his right foot.

8. Lencowski placed Wal-Mart on notice for both a need for leave and the reason for his leave to have surgery. Lencowski has a serious medical condition as that term is defined by the federal Family Medical Leave Act (hereinafter, "FMLA").

9. Wal-Mart employs at least 50 people within a 75 mile radius of Lenkowski's workplace.

10. Even though Lencowski worked for Wal-Mart for less than twelve months at the time of his surgery, Lencowski was approved for FMLA leave by Wal-Mart. He was told he was approved for leave from October 27, 2020 through November 20, 2020, and had his scheduled surgery on October 28, 2020. Lencowski relied on Wal-Mart's documentation that he was approved for the leave of absence. Wal-Mart utilizes an agent, Sedgwick, to administer FMLA. Any reference to Wal-Mart herein includes Sedgwick.

11. On November 20, 2020, Lenkowski discovered he had developed an infection and needed approximately an additional two weeks of leave to recuperate.

12. Lencowski informed Wal-Mart through their own human resources online portal and well as by telephone that he needed to extend his leave. He visited his doctor on November 24, 2020 and obtained a note explaining his need for additional recuperation time. Lencowski received no response from Wal-Mart.

13. On November 30, 2020 Lencowski found out through the Wal-Mart application on his cell phone that his work schedule had been changed and saw that his additional leave was denied and he was terminated. Lencowski asked Wal-Mart to call him to find out why he was denied and terminated, but he never received a response.

14. Wal-Mart made an affirmative representation that Lencowski qualified for FMLA leave, and Lencowski reasonably and detrimentally believed he was granted FMLA leave. Wal-Mart is estopped from denying Lencowski the extension of his FMLA leave, having already approved FMLA leave for his surgery, even if it was not required to initially grant leave under the FMLA. *Murphy v. FedEx National LTL, Inc.*, 618 F.3d 893 (8th Cir. 2010).

15. As a direct and proximate result of Wal-Mart's conduct, Lencowski has suffered damages, including but not limited to, economic damages, liquidated damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
### FMLA Entitlement (29 U.S.C. § 2615(a)(1))

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. An FMLA entitlement claim "occur[s] where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012).

18. Wal-Mart's actions, as described herein, denied Lencowski FMLA benefits to which he was entitled.

19. As a direct and/or proximate result of Wal-Mart's conduct, Lencowski has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

### CAUSE OF ACTION II
### FMLA Discrimination (29 U.S.C. § 2615(a)(2))

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

22. Lencowksi engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA when he informed Wal-Mart he needed additional leave to recuperate from already approved surgery.

23. Wal-Mart terminated Lencowski, an adverse employment action.

24. There is a causal connection between Lencowski's statutorily-protected conduct Wal-Mart's adverse employment action.

25. As a direct and/or proximate result of Wal-Mart's conduct, Lencowski has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Lencowksi requests a **JURY TRIAL** on his claims and judgment against Wal-Mart as follows:

1. As to Cause of Action I, for judgment in favor of Lencowski in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2. As to Cause of Action II, for judgment in favor of Lencowski in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

3. For Lencowski's costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: December 10, 2020                    AHLBERG LAW, PLLC

                                            */s/ Ryan H. Ahlberg*
                                            Ryan H. Ahlberg, Esq. (#386520)
                                            Union Plaza Building, Suite 300
                                            333 Washington Avenue North
                                            Minneapolis, Minnesota  55401
                                            (612) 900-2269
                                            rahlberg@ahlberglaw.com
                                            Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: December 10, 2020                    */s/ Ryan H. Ahlberg*
                                            Ryan H. Ahlberg, Esq. (#386520)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Christopher Lencowski, | Court File No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| Wal-Mart Associates, Inc., | |
| Defendant. | |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Walmart, Inc. ("Defendant") hereby gives notice of removal of the above-captioned action currently pending in the Ramsey County District Court, State of Minnesota, to the United States District Court for the District of Minnesota. In support of its Notice of Removal, Defendant states as follows:

1. On or about December 10, 2010, Plaintiff, Christopher Lencowski, ("Plaintiff") commenced a civil action against Defendant in the Ramsey County District Court in the State of Minnesota, by service pursuant to Minnesota Rule of Civil Procedure 3.01. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2. Plaintiff claims in Causes of Action I and II of his Complaint that Defendant violated certain provisions of the federal Family Medical Leave Act, 29 U.S.C. § 2615.

3. ***Federal Question Jurisdiction Basis for Removal:*** Because it presents federal questions for adjudication, the above-entitled action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1331, 1441, and 1446.

4. ***Diversity Jurisdiction Basis for Removal:*** This case is also a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that Defendant may remove to the Court pursuant to 28 U.S.C. §§ 1441 and 1446, in that Plaintiff in this action is

diverse in citizenship from Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. ***Citizenship of Parties:*** Plaintiff is the sole identified plaintiff in this action. Upon information and belief, Plaintiff was a citizen and resident of the State of Minnesota at the time of the commencement of this action and is now a citizen and resident of the State of Minnesota. (*See* Exhibit A.)

6. Defendant is the sole identified defendant in this action. Pursuant to 28 U.S.C. § 1332(c)(1), Defendant is deemed to be a citizen of the state by which it was formed and the state where its principal place of business is located.

7. At the time of the commencement of this action and continuing to the present, Defendant is formed under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Plaintiff is, therefore, diverse in citizenship from Defendant so as to vest removal jurisdiction in this Court.

8. ***Amount in Controversy:*** This is a civil action wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiff expressly alleges that he has incurred over $100,000 in damages for Defendant's alleged violations of the Family Medical Leave Act, 29 U.S.C. § 2615.

9. ***Timing of Removal:*** Fewer than thirty (30) days have elapsed since December 10, 2020 when Plaintiff first served Defendant with the Complaint. *See* 28 U.S.C. § 1446(b).

10. Simultaneous with the filing of this Notice of Removal, Defendant has notified the Ramsey County District Court in the State of Minnesota of removal of this action. No other process, pleadings, or orders have been served or filed in this action.

11. True and correct copies of the Notice of Removal (with accompanying Exhibit) and the Notice of Filing of Notice of Removal directed to State Court will be served upon Plaintiff's counsel and filed with the Court Administrator of the Ramsey County District Court in the State of Minnesota on this date, in accordance with the provisions of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests that this action, now pending in the District Court for the County of Ramsey, Minnesota, be removed to the United States District Court for the District of Minnesota.

Date: December 31, 2020

*s/ Quang Trang*
Stephanie D. Sarantopoulos (#0287957)
ssarantopoulos@littler.com
Quang Trang (#0399439)
qtrang@littler.com
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

**ATTORNEYS FOR DEFENDANT WAL-MART ASSOCIATES, INC.**

4816-3394-0180.1 080000.4149